IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Andre Robinson, #300351, | ) | |
| | ) | Civil Action No. 5:11-1478-CMC-KDW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, Kirkland Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Billy Andre Robinson ("Petitioner" or "Robinson"), a state prisoner, filed this

petition for a writ of habeas corpus through counsel pursuant to 28 U.S.C. § 2254. This matter is

before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC,

for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment.

ECF Nos. 13, 14. Petitioner filed a response in opposition to Respondent's Motion. ECF No. 17.

Having carefully considered the parties' submissions and the record in this case, the undersigned

recommends that Respondent's Motion for Summary Judgment be granted.

I.      Procedural History

Petitioner is incarcerated in Kirkland Correctional Institution, of the South Carolina

Department of Corrections ("SCDC"), pursuant to his March 9, 2004 guilty plea in Greenville,

South Carolina to first degree burglary (2003-GS-23-8493). ECF No. 17 at 1.

On September 4, 2003, the Honorable Edward W. Miller issued an order allowing

attorney James L. Goldsmith, Jr. to withdraw from representing Petitioner because the court

found the "attorney-client relationship" between Petitioner and Goldsmith had "been irreparably

damaged. ECF No. 13-2. Judge Miller ordered that substitute counsel be appointed for Petitioner.

*Id.* The court appointed Christopher T. Posey, Esq. to represent Petitioner on September 5, 2003.

*See* ECF No. 13-3.[1]  Petitioner moved to have Posey relieved as counsel so that he could retain private counsel. ECF No. 13-3 at 1. Judge Miller conducted a hearing on December 1, 2003, and relieved Posey as Petitioner's counsel. *Id.*  In a December 15, 2003 order, Judge Miller noted that Petitioner had "been appointed two attorneys by the Office of Indigent Defense and [had] chosen not to have either of them represent him." *Id.* at 2. Judge Miller noted that Petitioner's trial on his charge for first degree burglary had been scheduled for December 8, 2003. *Id.* at 1. After relieving Posey, Judge Miller granted Petitioner a continuance of 75 days from December 1, 2003 so that Petitioner could retain private counsel. *Id.* The court noted that Petitioner would not be appointed counsel by the Greenville County Office of Indigent Defense if he was unable to retain counsel in the 75-day period because he had been appointed two attorneys and chose not to have either represent him. *Id.* at 1-2. The court found that Petitioner "has been questioned by the Court under oath, and fully understands that failure to retain counsel will not delay his trial any further, and that he will represent himself at trial if he fails to retain counsel." *Id.* at 2.

On March 9, 2004, Petitioner appeared before Judge Miller without counsel. App. 3.[2] The court determined that Petitioner had waived his right to counsel by not obtaining counsel during the 75-day continuance he was granted after having asked to have his second public defender relieved as counsel. App. 3-7.  The court ruled that Petitioner's trial would go forward and that Petitioner would represent himself. App. 6-7.  After Petitioner spoke with the Solicitor outside the courtroom, the court was informed that Petitioner wished to plead guilty to his charges. App.

---

[1] Petitioner had also attempted to hire Scott Robinson, a private attorney, to represent him. However, after several weeks, Robinson advised the Solicitor's Office that he would not be representing Petitioner because Petitioner did not want him to do so. *See* Pet'r's Resp. to Return, ECF No. 17, at 1-2.

[2] Citations to "App." refer to the Appendix for Writ of Certiorari as to Petitioner's claim for collateral relief in the state courts of South Carolina. That appendix is available at ECF No. 13 in this habeas matter.

7-8. Judge Miller took Petitioner's guilty plea and sentenced him to 20 years imprisonment. App. 8-22.

Assistant Appellate Defender Robert M. Dudek represented Petitioner on appeal. On December 6, 2005, Mr. Dudek filed a Final *Anders*[3] Brief of Appellant on Petitioner's behalf and petitioned to be relieved as counsel. The *Anders* Brief presented only one issue for review:

> Whether appellant's guilty plea should be vacated because it did not comply with the mandates of *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969)?

ECF No. 13-4 at 4.

On January 17, 2007, the South Carolina Court of Appeals filed an unpublished opinion, dismissing Petitioner's appeal and granting counsel's motion to be relieved. ECF No. 13-5. The Court of Appeals issued the Remittitur on February 2, 2007. ECF No. 13-6.

Petitioner filed a pro se Post-Conviction Relief ("PCR") Application on December 27, 2007. App. 27-36. He alleged the following grounds for relief in his Application:

> The applicant was denied his Sixth and Fourteenth Amendment rights as guaranteed by the United States Constitution; and Article 1 § 3 and Article 1 § 14 of the South Carolina Constitution because; (1) Applicant did not voluntarily waive his right to counsel; (2) Applicant was not warned of the danger of self-representation; (3) Applicant did not have sufficient background and understanding of hazards of proceeding without assistance of counsel; (4) Applicant's guilty plea was not voluntarily or intelligently entered before the court.

App. 34.

The State filed its Return on February 22, 2008. App. 59-62. Petitioner subsequently filed a "Motion to Amend Attachment to Application for Post-Conviction Relief" on May 6, 2008, and asserted the following claims:

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

1.    Ineffective Assistance/Hazards proceeding without assistance of counsel;

2.    Court lacked subject-matter jurisdiction;

3.    Brady violation, 4th, 6th, 14th Amendments;

4.    Illegal sentence - Miscarriage of justice;

5.    Involuntary guilty plea/Defendant did not waive rights.

App. 37-58.

The Honorable John C. Few conducted an evidentiary hearing into the matter on February 25, 2009. Petitioner was present at the hearing and represented by Rodney W. Richey, Esq. Assistant Attorney General Karen C. Ratigan represented the State. Judge Few summarily dismissed the Application. App. 63-73.

On April 17, 2009, Judge Few filed an Order of Dismissal, dismissing Petitioner's application for PCR. App. 75-79. Specifically, the PCR court issued the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the arguments presented at the PCR hearing. Set forth are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

> In this PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S. C. 385, 389, 570 S.E.2d 172, 174 (2002)(citing Rule 71.1(e), SCRCP).

> At the start of the hearing, counsel for the Applicant stated the issues raised at the hearing would be: (1) that the Applicant did not knowingly waive his right to counsel, (2) that the Applicant's mental status at the guilty plea hearing was affected by his medication, and (3) that the Applicant did not understand the charges because he did not have sufficient legal training. This Court then summarily dismissed the PCR application.

> This Court finds the application must be summarily dismissed because all of the Applicant's claims relate to whether he waived his Sixth Amendment right

to counsel at his guilty plea hearing. The plea judge noted on (sic) at the March 9, 2004 guilty plea hearing that he had advised the Applicant at a December 1, 2003 hearing that he must either retain an attorney or represent himself. (Plea transcript, p.4). This Court notes the plea judge then made specific findings of the Applicant's waiver of his right to counsel. (Plea transcript, p.5; p.7). The Applicant can only receive some kind of post-conviction relief it he can prove this waiver was invalid. The South Carolina Court of Appeals, however, examined this specific issue on appeal and affirmed the plea judge. State v. Robinson, Op. No. 2007-UP-027 (S.C. Ct. App. filed January 17, 2007.) This Court further notes it cannot overrule the plea judge's findings that the Applicant waived his right to counsel by his own conduct. See, e.g., Charleston County Dept. of Soc. Servs. v. Father, 317 S.C. 283, 288, 454 S.E.2d 307, 310 (1995)(holding a trial judge cannot overrule an order from another trial judge.

Accordingly, this matter is dismissed because the Applicant cannot successfully articulate or prove any of the six (6) grounds for relief set forth in the Uniform Post-Conviction Procedure Act. See, S.C. Code Ann. § 17-27-20(a) (Supp. 2006); Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

## All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

## CONCLUSION

Based on the foregoing, this Court finds and concludes that the Applicant has not failed to articulate a cognizable claim for relief under S.C. Code Ann. § 17-27-20(b). This Court concludes all issues raised by the Applicant stem from the waiver of his Sixth Amendment right to counsel, which was ruled upon by the plea judge and affirmed by the South Carolina Court of Appeals. Therefore, this application for PCR must be dismissed with prejudice.

. . .

App. 76-78.

Assistant Appellate Defender Katherine H. Hudgins represented Petitioner in appellate proceedings, and on January 15, 2010, Petitioner filed a Petition for Writ of Certiorari. ECF No. 13-7. The Petition for Writ of Certiorari presented the following two questions:

1.      Did the PCR judge err in finding that he could not overrule the plea judge's finding that petitioner waived his right to counsel by conduct?

2.      Did the PCR judge err in finding that the Court of Appeals examined the issue of the waiver of counsel on direct appeal and affirmed the trial judge when a prior transcript from a hearing where representation was addressed was not included in the record on appeal and therefore not before the Court of Appeals and there was no objection made in regard to the waiver of counsel rendering the issue unpreserved for appellate review on direct appeal?

*Id.* at 3.  The State filed a Return to Petition for Writ of Certiorari on March 30, 2010. ECF No. 13-8.

The South Carolina Supreme Court filed an Order denying certiorari on April 7, 2011, ECF No. 13-9, and issued the Remittitur on April 25, 2011, ECF No. 13-10.  Petitioner filed this habeas petition on June 16, 2011. ECF No. 1.

II. Discussion

A.      Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

**GROUND ONE**: Petitioner was not given adequate time to retain an attorney after dismissing his public defender, nor was he advised of the dangers of self-representation. Therefore, Petitioner did not voluntarily waive his right to counsel.

**SUPPORTING FACTS**:  On March 9, 2004, Petitioner appeared pro se before the Honorable Edward W. Miller. At that time, Petitioner had dismissed his public defender and requested time from the court to hire a private attorney. Although there is no transcript of a prior hearing, apparently Petitioner appeared before Judge Miller on December 1, 2003 when he dismissed his public defender. According to an Order signed by Judge Miller and dated December 15, 2003, Petitioner was given 75 days to retain an attorney. Petitioner thought that he

6

would be receiving funds from a Probate Court matter and thought he would have the funds to hire an attorney. At the time of his plea, Petitioner had been in jail for over 1 year. Judge Miller summarily ruled that Petitioner had waived his right to an attorney through his dalliance because he had not hired an attorney during those 75 days. Judge Miller stated that Petitioner was going to court that day without an attorney. Petitioner subsequently pled guilty to the charge without representation.

Pet., ECF No. 1 at 6.

B.      Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."

*Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.       Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

D.       Analysis

Respondent contends that this habeas petition is barred by the statute of limitations and that equitable tolling is inapplicable here. Petitioner counters that the statute of limitations should be equitably tolled in his case. The undersigned agrees with Respondent.

1.   The Petition Was Not Timely Filed

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *Rouse v. Lee*, 339 F.3d 238, 243 (4th Cir. 2003). The federal time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Here, it is undisputed that Petitioner did not seek review by the United States Supreme Court. Accordingly, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review expired. 28 U.S.C. § 2244(d)(1)(A). As in *Gonzalez*, Petitioner's judgment of conviction became final "when his time for seeking review with the State's highest court expired." *Gonzalez*, 132 S. Ct. at 653-54.[4]

---

[4] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653-54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations

Review of the record indicates Petitioner's federal habeas petition was not timely filed. The Supreme Court of South Carolina is the highest court in South Carolina. To pursue review with South Carolina's highest court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. *See* Rule 242(c), SCACR (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Rule 221(a), SCACR requires that "[p]etitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court." Because one cannot obtain certiorari review from the Supreme Court of South Carolina[5] without first filing a petition for rehearing or reinstatement, the "time to seek further review" expired after the 15 days if the litigant did not petition for rehearing by the Court of Appeals.

After Petitioner pleaded guilty and was sentenced, he appealed his state court conviction to the South Carolina Court of Appeals by filing an *Anders* brief, which the South Carolina Court of Appeals dismissed on January 17, 2007. ECF No. 13-5. To pursue further review, Petitioner had 15 days, or until February 1, 2007, to petition the Court of Appeals for rehearing. Because he did not do so, his judgment became final for purposes of the federal habeas statute of

---

found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

[5] In a case decided after Petitioner's appeal, the South Carolina Supreme Court decreed that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an *Anders* review." *State v. Lyles*, 673 S.E.2d 811, 813 (S.C. 2009).

limitations after those 15 days had expired. The statute of limitations began running on February 2, 2007, which is the same date on which the Court of Appeals issued its remittitur. ECF No. 13-6.[6]

Petitioner filed his State PCR application on December 27, 2007, at which point 328 days of his one-year limitations period had run. He then had 37 days remaining of his original one-year limitations period remaining within which to file for federal habeas relief. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending* shall not be counted toward any period of limitation under this subsection.") (emphasis added). Petitioner's PCR action ended—i.e., it was no longer pending—when the South Carolina Supreme Court issued its remittitur on April 25, 2011. *See* ECF No. 13-10. *See Carey v. Saffold*, 536 U.S. 214, 220 (2002) (finding application for state collateral review remains pending during the time to seek further review in the state courts, "until the application has achieved final resolution through the State's post-conviction procedures"[.] ). The tolling period for state collateral review does not include the time for filing a petition for certiorari in the United States Supreme Court. *See Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir.2001) ("neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)").

---

[6] Respondent's brief, filed before the Court issued the *Gonzalez* decision on January 10, 2012, uses the date the remittitur was issued, as the date triggering the beginning of the statute of limitations. ECF No. 13 at 11-12.

Petitioner's remaining 37 days ran from April 25, 2011, which would have given him until June 1, 2011 to have timely filed a federal habeas petition. Here, Petitioner filed the instant action on June 16, 2011, which was 52 days after his PCR case ended. By that time, 380 days had elapsed and Petitioner's habeas petition was 15 days too late. The AEDPA's statute of limitations bars Petitioner's Petition, and it should be dismissed unless there are reasons the statute of limitations should not be applied here.

### 2. The Statute of Limitations Should Not be Equitably Tolled

The undersigned has considered whether there was any reason the statute of limitations should not bar Petitioner's Petition and finds no such reason. The standard habeas petition form requests information in Question 18 pertaining to the timeliness of the petition, as follows: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of § 2244(d). In response to Question 18, Petitioner stated the following:

> Petitioner's guilty plea was entered on March 9, 2004. He immediately attempted to appeal from that guilty plea and was represented by the appellant defender's office who filed an *Anders* brief. The appeal was dismissed on January 17, 2007; however, Petitioner was unaware of that dismissal for several months. After learning that his appeal was dismissed, Petitioner filed his application for post-conviction relief. That application was filed on December 27, 2007. The order denying the petition was signed by Judge Few on April 7, 2009. Petitioner appealed that decision. That petition for writ of certiorari was denied on April 7, 2011; however, Petitioner was not notified of the Supreme Court's decision until a letter dated May 11, 2011 from his appellant counsel. He did not receive that letter until later in May of 2011. Petitioner then wrote to the undersigned counsel advising him of the results of his petition. Counsel was out of the country until June 6, 2011 and has filed this habeas corpus as timely as possible.

ECF No. 1 at 13-14.

In the proper circumstances, the principles of equitable tolling may excuse a petitioner's failure to comply with the strict requirements of a statute of limitations. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562-63 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Petitioner does not argue that he diligently pursued his rights or any circumstances that would allow the application of equitable tolling to avoid the limitations bar.

Petitioner "is not contending . . . that his counsel was negligent." Pet'rs's Br., ECF No. 17 at 12. He instead argues that three extraordinary circumstances prevented his timely filing. First, Petitioner was unaware of the denial of his Writ to the South Carolina Supreme Court until three weeks after it issued; Petitioner's notice to counsel was not timely posted by Kirkland Correctional Institution; and finally, his counsel was vacationing out of the country and did not receive the communication from Petitioner until after the deadline. *Id.* at 11-12.

While Petitioner's brief in opposition to summary judgment focuses on the seven-week period following the South Carolina Supreme Court's issuance of the remittitur on April 25, 2011, Petitioner does not address the first hurdle in the equitable tolling analysis. Petitioner provides no explanation for his delay of over ten months before filing his PCR application after the South Carolina Court of Appeals dismissed his appeal other than to aver that he "was unaware of that dismissal for several months." ECF No. 1 at 13. The February 2, 2007 Remittitur indicates that both Petitioner and his appellate counsel were copied on the document. *See* ECF No. 13-6. Unlike the petitioner in *Holland* who provided evidence of his diligence in pursuing

his rights, Petitioner has not alleged or shown the same amount of diligence. The undersigned agrees with Respondent that Petitioner has not demonstrated he is entitled to equitable tolling of the statute of limitations. Accordingly, this action should be dismissed as it is barred by the statute of limitations.

III. Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment, ECF No. 14, be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

June 28, 2012                                    Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**